UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| LUCINDA KAY FREEMAN | : | |
| aka Cindy Kay Freeman | : | CASE NO. 1:22-bk-02244 |
|     Debtor | : | |
| | : | |
| | : | |

## MOTION FOR AMENDED ORDER TO PAY TRUSTEE

      Comes now, Lucinda Kay Freeman, by and through Mott & Gendron Law and requests an Order to pay Trustee, respectfully representing in support thereof:
    1. The Debtor filed a Chapter 13 petition at the above-captioned docket number.
    2. The Debtor receives regular income from employment which may be attached under 11 U.S.C. Section 1326 to fund the Chapter 13 Plan.
    3. The likelihood of success in this case will be much greater if the income is attached to fund the Plan.
    4. The Debtor consents to the wage attachment.
    5. The Debtor has changed employment and requires a new order.
      Wherefore, the Debtor respectfully requests that this Court enter an Order to pay Trustee in the form attached.

Respectfully submitted,

/s/ Dorothy L. Mott
_____
Dorothy L Mott, Esquire
Attorney ID #43568
Mott & Gendron Law
125 State Street
Harrisburg PA 17101
(717) 232-6650 TEL
(717) 232-0477 FAX
doriemott@aol.com

/s/Lucinda Kay Freeman
_____
LUCINDA KAY FREEMAN

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| LUCINDA KAY FREEMAN | : | |
| aka Cindy Kay Freeman | : | CASE NO. 1:22-bk-02244 |
| Debtor | : | |

## AMENDED ORDER TO PAY TRUSTEE

Upon consideration of the Motion for Wage Attachment, it is hereby ORDERED that until further Order of this Court the entity from whom the Debtor, Lucinda Kay Freeman, receives income:

LAUREL LAKES NURSING & REHAB CENTER
ATTN: PAYROLL DEPARTMENT
205 FRANKLIN FARMS LANE
CHAMBERSBURG, PA 17201

deduct from said income the sum of $620.50 from each two-week pay check, or $310.25 from each weekly paycheck, as appropriate, beginning on the next pay day following receipt of this Order and deduct a similar amount each pay period thereafter, including any period from which the Debtor receives a periodic or lump sum payment as a result of vacation, termination or other benefits arising out of present or past employment, or from any other benefits payable to the Debtor and to remit the deductible sums to:

JACK N. ZAHAROPOULOS ESQUIRE
CHAPTER 13 TRUSTEE
PO BOX 6008
MEMPHIS, TN 38101-6008

IT IS FURTHER ORDERED that the employer shall change the amount of the monthly remittance to the Trustee in the future, if the Employer is directed to do so in writing, either by the Trustee or by the Debtor's counsel and to continue the wage attachment until the Employer is directed in writing to discontinue the attachment, either by the Trustee or Debtor's counsel.

IT IS FURTHER ORDERED that the entity from whom the Debtor receives income shall notify the Trustee if the Debtor's income is terminated and the reason therefore.

IT IS FURTHER ORDERED that all remaining income of the Debtor, except the amounts required to be withheld for taxes, social security, insurance, pension, or union dues be paid to the Debtor in accordance with usual payment procedure.

IT IS FURTHER ORDERED that this Order shall terminate without further order upon certification that the obligation of the Debtor has been fulfilled, if it is not terminated by earlier order of this Court.